Mr. Justice Thacher
delivered the opinion of the court.
This is a writ of error from the judgment of the circuit court *489 of Monroe county, quashing an attachment sued out against an inhabitant of another state. The defect alleged in the affidavit upon which the attachment issued, is, that it does not contain the averment that the defendant in the attachment could' not be personally served with process. The affidavit avers the defendant to be an inhabitant of the state of North Carolina, a state Ayithout the limits of this state, but omits the averment as to the impossibility of persona] service of process.
The attachment was designed to be issued by virtue of the act upon attachment and garnishment, to be found upon the 550th page of How. & Hutch., sec. 16, which authorize its issuance when “ any person shall be an inhabitant of any state, territory or country, without the limits of this state, so that he cannot be personally served with process, and shall-have any estate, real or personal, in this state, and shall be indebted to any person, a resident of this state.”
It has been repeatedly held by this court, that it constitutes an indispensable feature of an affidavit for an attachment, to allege that the defendant cannot be personally served with process. 7 How. 186; 2 S. & M. 266; 7 Ibid. 333. Besides the express requisition for this statement found in the 11th, 16th, and 19th sections of the act above quoted, there seems to be substantial reason for such requisitions. There is found in our system of laws, in cases of ordinary indebtedness, a repugnance to the use of extreme and harsh proceedings; and hence, so long as a person can be personally summoned to answer a demand, no seizure is permitted of his property to compel his appearance. The very gist, therefore, of an affidavit for an attachment, is, that the defendant cannot be served with notice in person. An individual may be an inhabitant of another state, and still be in this state, and liable to process, and in that event an attachment could not be legally issued against his property. Both the language of the statute and the mild intention of the law generally, seem to justify our previous decisions upon this point.
Judgmerit affirmed.